**RECORD NO. 15-4652**

*In The*

# United States Court of Appeals

## For The Fourth Circuit

### UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

### TYQUAY CHARLES WILLIAMS,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT CLARKSBURG

———————————

### BRIEF OF APPELLANT

———————————

Charles T. Berry
ATTORNEY AT LAW
Post Office Box 5023
Fairmont, West Virginia 26554
(304) 363-3564

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................ ii

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF THE ISSUES PRESENTED .....................................4

    Preface ......................................................................................4

STATEMENT OF THE CASE ...........................................................4

    Statement of the Facts..................................................................8

SUMMARY OF ARGUMENT ..........................................................11

ARGUMENT ..............................................................................12

    ISSUE 1.    APPELLANT'S COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE ................................12

        Standard of Review ................................................................12

        Discussion of the Issue...........................................................12

    ISSUE 2.    APPELLANT ASSERTS MISCONDUCT BY THE PROSECUTOR.......................................................20

        Standard of Review ................................................................20

        Discussion of the Issue...........................................................21

CONCLUSION ............................................................................23

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Anders v. California,
   386 U.S. 738 (1967)................................................................4, 16, 23

Bank of Nova Scotia v. United States,
   487 U.S. 250 (1988)....................................................................20

Evitts v. Lucey,
   469 U.S. 387 (1995)....................................................................16

Fields v. Attorney Gen. of Md.,
   956 F.2d 1290 (4th Cir. 1992) ..............................................14, 15

Hill v. Lockhart,
   474 U.S. 52 (1985)......................................................................15

Hooper v. Garraghty,
   845 F.2d 471 (4th Cir. 1988) ......................................................15

Hudson v. Hunt,
   235 F.3d 892 (4th Cir. 2000) ......................................................17

Jones v. Barnes,
   463 U.S. 745 (1983)....................................................................16

Roe v. Flores-Ortega,
   528 U.S. 470 (2000)....................................................................17

Strickland v. Washington,
   466 U.S. 668 (1984)..........................................................12, 14, 15

United States v. Alerre,
   430 F.3d 681 (4th Cir. 2005) ......................................................16

United States v. Baldovinos,
     434 F.3d 233 (4th Cir. 2006) ......................................12, 14, 15, 16

United States v. Brewer,
     1 F.3d 1430 (4th Cir. 1993) ..................................................21

United States v. Cedelle,
     89 F.3d 181 (4th Cir. 1996) ..................................................21

United States v. Derrick,
     163 F.3d 799 (4th Cir. 1998) ................................................20

United States v. Hasting,
     461 U.S. 499 (1983)..............................................................20

United States v. Martinez,
     136 F.3d 972 (4th Cir. 1998) ......................................16, 17, 20, 23

United States v. Russell,
     971 F.2d 1098 (4th Cir. 1992) ....................................16, 17, 19, 23

United States v. Terry,
     366 F.3d 312 (4th Cir. 2004) ..............................................12, 14

United States v. Vinyard,
     266 F.3d 320 (4th Cir. 2001) ................................................16

United States v. Walker,
     112 F.3d 163 (4th Cir. 1997) ................................................19

United States v. Williams,
     29 F.3d 172 (4th Cir. 1994) ..............................................19, 23

**STATUTES**

18 U.S.C. § 2255 ................................................................passim

18 U.S.C. § 3143(a)(2)...........................................................9

18 U.S.C. § 3231 ...............................................................3

18 U.S.C. § 3582(c) ................................................................................2

18 U.S.C. § 3742 ....................................................................................4

21 U.S.C. § 841(a)(1) ......................................................................1, 4, 9

21 U.S.C. § 841(b)(1)(C) ................................................................1, 4, 9

21 U.S.C. § 860 ...............................................................................1, 4, 9

28 U.S.C. § 1291 ....................................................................................4

28 U.S.C. § 2255 ................................................................................2, 6

**RULE**

Fed. R. App. P. 4(b) ...............................................................................4

**GUIDELINES**

U.S.S.G. § 1B1.10 ..................................................................................2

U.S.S.G. § 2D1.1 ..................................................................................21

U.S.S.G. § 2D1.1(b)(17) ...................................................................5, 13

U.S.S.G. § 2D1.1(c)(6) ...........................................................................5

U.S.S.G. § 2D1.2 ....................................................................................5

U.S.S.G. § 3E1.1(a) ..........................................................................5, 10

U.S.S.G. § 3E1.1(b) .............................................................................10

U.S.S.G. § 5C1.2 ..............................................................................5, 13

U.S.S.G. § 5C1.2(a) .............................................................................13

U.S.S.G. § 5C1.2(a)(1)...........................................................................................13

U.S.S.G. Chapter 5, Part A ..........................................................................6, 13, 21

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          Appellee,

v.                                                    Case No. 15-4652
                                                      Criminal Action No. 1:12CR96

TYQUAY WILLIAMS,
          Appellant.

## JURISDICTIONAL STATEMENT

This is a direct appeal by the Defendant Tyquay Williams ("Williams") from his criminal conviction and final order in a Federal criminal case. Williams was charged in a six-count Indictment, on September 5, 2012[1], in the Northern District of West Virginia (Clarksburg). Counts One through Six of the Indictment charge Williams with distribution of cocaine base ["crack"] within 1000 feet of a playground, in violation of 21 U.S.C. Sections 841(a)(1), 841(b)(1)(C) and 860. Docket Entry (hereinafter D.E.) 1.

Williams made his initial appearance on October 15, 2012. D.E. 6. Williams presented for arraignment on October 17, 2012. D.E. 13. Ultimately, Williams entered into a plea agreement. D.E. 19. Williams presented on December 7, 2012, for a change of plea hearing. D.E. 18. At the change of plea

---

[1] The Indictment was amended on September 7, 2012, in order to add Williams' middle name.

1

hearing, Williams pled guilty to Count One of the Indictment, with the benefit of a plea agreement. D.E. 18. Williams was sentenced to ninety-seven (97) months of imprisonment, on April 9, 2013, by District Judge Irene M. Keeley. D.E. 29. A Judgment Order was entered on April 11, 2013. D.E. 30. No appeal was taken with regard to the Judgment entered on April 11, 2013.

On September 23, 2013, the district court received a letter from Williams wherein he inquired regarding the status of his appeal. D.E. 35. The clerk responded with a letter to Williams with the then current docket sheet and an appeal form enclosed. D.E. 37. On February 18, 2014, Williams filed a pro se motion for pre-filing discovery. D.E. 38. Then, on April 4, 2014, Williams filed a motion to vacate under authority of 28 U.S.C. § 2255. D.E. 40. On April 7, 2014, the district Court, through Magistrate Judge James Seibert, entered an order directing the government to respond to the Section 2255 motion within twenty-eight days. D.E. 43. Meanwhile, the government ordered transcripts of both the plea hearing and the sentencing hearing. D.E. 47. Those transcripts were completed and filed on April 21, 2014. D.E. 45, 46. On May 7, 2014, the government filed its response to Williams 28 U.S.C. § 2255 motion. D.E. 48. Nothing further occurred in Williams' case until February 2015.

On February 2, 2015, the public defender filed a motion, pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, to reduce Williams' sentence. D.E. 51.

The revised Guidelines range, pursuant to Amendment 782 of the Sentencing Guidelines, effective November 1, 2014, was determined to be sixty-three (63) to seventy-eight (78) months.  D.E. 51, 52.  The motion was granted, and Williams' sentence was reduced from ninety-seven (97) to seventy-eight (78) months, by Order entered on February 3, 2015.  D.E. 52.  Nothing further occurred in Williams' case until August 2015.

On August 12, 2015, Magistrate Judge Seibert filed a Report and Recommendation ("R & R") wherein the Court recommended that an amended judgment and commitment order be entered to permit Williams an opportunity to timely file an appeal.  D.E. 54.  On August 17, 2015, the government, by AUSA Shawn Morgan filed a response to the R & R, wherein the government stated that it did not object.  D.E. 55.  On September 30, 2015, the Court entered an Order adopting the R & R, and also entered an Amended Judgment.  D.E. 57, 58.  The Order and Amended Judgment were forwarded to Williams, via certified mail. D.E. 57, 58.  On October 30, 2015, Williams timely filed his Notice of Appeal, which was dated October 14, 2015.  D.E. 67.

Because Count 1 constitutes an offense against the United States, the district court had original jurisdiction pursuant to 18 U.S.C. § 3231.  Appellate jurisdiction is conferred upon the United States Court of Appeals for the Fourth Circuit under

28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(b). Review of the underlying sentence is conferred under 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES PRESENTED

**Preface.**

After carefully examining the record and researching the relevant law for any violation of the United States Constitution, applicable federal statutes, the Federal Rules of Criminal Procedure, and the United States Sentencing Commission Guidelines, counsel has identified and briefed all arguable issues and concluded that the appeal presents no legally non-frivolous questions. Thus, counsel submits this brief in accordance with Anders v. California, 386 U.S. 738 (1967).

## STATEMENT OF THE CASE

Williams, who is now an inmate in the custody of the Federal Bureau of Prisons at United States Federal Correctional Institution Fairton, was charged in a six-count Indictment with distribution of cocaine base [crack cocaine] within one-thousand (1,000) feet of a playground [protected location], in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860. D.E. 1. On November 28, 2012, Williams entered into a binding plea agreement whereby he agreed to plead guilty

to Count One of the Indictment.[2]  The United States District Court accepted Williams' plea on December 7, 2012, but deferred adoption of the plea agreement until the time of sentencing.  D.E. 18, 45.  Williams was sentenced on April 9, 2013.  D.E. 29, 46.  A Judgment Order was entered on April 11, 2013.  D.E. 30. Williams was sentenced to ninety-seven (97) months of incarceration.  D.E. 29, 46.

In his plea agreement, Williams stipulated to relevant conduct of at least 112 grams, but less than 196 grams, of cocaine base, all within a protected location. D.E. 19, 45.  The base offense level for 112 grams, but less than 196 grams, of cocaine base is level 28.  D.E. 32, 46; U.S.S.G. § 2D1.1(c)(6) 2012[3].  Pursuant to the Sentencing Guidelines, the offense level is increased by two (2) levels because the drug distribution involved a protected location.  U.S.S.G. § 2D1.2; D.E. 32, 46. Therefore, Williams' base offense level was level 30.  D.E. 19, 32, 46.  Williams' base offense level was reduced by three (3) levels for acceptance of responsibility and timely acceptance.  D.E. 46; see D.E. 32; U.S.S.G. § 3E1.1(a).  Williams had three (3) criminal history points.[4]  D.E. 11.  Three (3) criminal history points

---

[2]  Williams maintains that he would not have entered into the plea agreement but for his attorney failing to adequately explain the impact of his prior criminal history on his sentence.  In fact, Williams maintains that his attorney advised him that he would be eligible for safety valve [U.S.S.G §§ 2D1.1(b)(17), 5C1.2].

[3]  The 2012 edition of the Sentencing Guidelines were utilized.

[4]  Williams now complains that his attorney did not advise him with regard to the impact of criminal history points/criminal history category on his sentence. Further Williams complains that his attorney promised him that he would get a reduced sentence because of his criminal history points.  See, D.E. 45.

establish a criminal history category of II.  D.E. 32; U.S.S.G. Chapter 5, Part A. Based upon an adjusted offense level of 27 and a criminal history category II, the advisory guidelines sentencing range is seventy-eight (78) to ninety-seven (97) months.  D.E. 11.  Williams was sentenced to ninety-seven months incarceration, which is the high end of the applicable advisory guidelines range.  D.E. 30, 31, 46.

On September 23, 2013, the district court received a letter from Williams wherein he inquired regarding the status of his appeal.  D.E. 35.  The clerk responded with a letter to Williams with the then current docket sheet and an appeal form enclosed.  D.E. 37.  On February 18, 2014, Williams filed a pro se motion for pre-filing discovery.  D.E. 38.  Then, on April 4, 2014, Williams filed a motion to vacate under authority of 28 U.S.C. § 2255.  D.E. 40.  On April 7, 2014, the district Court, through Magistrate Judge James Seibert, entered an order directing the government to respond to the Section 2255 motion within twenty-eight days.  D.E. 43.  Meanwhile, the government ordered transcripts of both the plea hearing and the sentencing hearing.  D.E. 47.  Those transcripts were completed and filed on April 21, 2014.  D.E. 45, 46.  On May 7, 2014, the government filed its response to Williams 28 U.S.C. § 2255 motion.  D.E. 48. Nothing further occurred in Williams' case until February 2015.

Subsequent to Williams' initial sentencing, the United States Sentencing Commission amended the Guidelines.  Those amendments, which were made

retroactive by the Sentencing Commission, were effective November 1, 2014. On February 2, 2015, the Federal Public Defender moved the district court to reduce Williams' term of imprisonment by two (2) offense levels. D.E. 51. The Court granted the motion, and reduced Williams' sentence by two offense levels from ninety-seven (97) months to seventy-eight (78) months. D.E. 52.

On August 12, 2015, Magistrate Judge Seibert filed a Report and Recommendation ("R & R") wherein the Court recommended that an amended judgment and commitment order be entered to permit Williams an opportunity to timely file an appeal. D.E. 54. On August 17, 2015, the government, by AUSA Shawn Morgan filed a response to the R & R, wherein the government stated that it did not object. D.E. 55. On September 30, 2015, the Court entered an Order adopting the R & R, and also entered an Amended Judgment. D.E. 57, 58. The Order and Amended Judgment were forwarded to Williams, via certified mail. D.E. 57, 58. On October 30, 2015, Williams timely filed his Notice of Appeal, which was dated October 14, 2015. D.E. 67.

Williams would argue that his counsel failed to represent him effectively, and that the Court clearly erred in calculating his relevant conduct. Additionally, Williams would argue that the prosecutor's conduct was both illegal and violated his constitutional rights.

7

**Statement of the Facts.**

In March of 2012, confidential informants, under the direction of the Harrison County Drug Task Force, made six (6) digitally recorded controlled buys of cocaine base from Williams. D.E. 32, 33. All of those controlled buys occurred within one-thousand (1,000) feet of the real property comprising Monticello Avenue Park, a playground. D.E. 32, 33. In total, the cocaine base recovered from the six controlled buys is 4.14 grams. D.E. 32, 33.

Williams was indicted on September 5, 2012. The six count Indictment charged Williams with each of the six controlled buys. D.E. 32, 33. Subsequent to the Indictment, a CJA Panel attorney was appointed to represent Williams. D.E. 1. Subsequent to that appointment, the government and Williams, through his appointed attorney, entered into plea negotiations. Those negotiations culminated in a plea agreement, dated October 25, 2012. D.E. 19, 32, 33. The plea agreement, whereby Williams agreed to plead guilty to Count One of the Indictment, was executed by Williams and his attorney on November 28, 2012. D.E. 19, 32, 33. In paragraph 9 of the plea agreement, the parties stipulated that on March 5, 2012, within the Northern District of West Virginia, Williams knowingly and intentionally distributed, within one thousand (1,000) feet of a playground [protected location] approximately .32 grams of cocaine base in exchange for $50.00. D.E. 19, 32, 33. In that same paragraph, the parties further stipulated that

Williams' relevant conduct was at least 112 grams, but less than 196 grams, of cocaine base. Id.

Williams appeared before District Judge Irene M. Keeley on December 7, 2012, for his plea hearing. D.E. 18, 45. During the plea hearing, both Williams' attorney and the government's attorney stated that they thought that Williams would be safety valve eligible. D.E. 45. The Court accepted Williams' guilty plea and adjudged him guilty of violating Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860, as alleged in Count One of the Indictment. D.E. 45. Judge Keeley ordered the plea agreement filed, but deferred full acceptance of the plea agreement until sentencing. D.E.45.

On February 26, 2013, after the plea hearing, but before sentencing, Williams pretrial services officer filed a Petition for Action on Conditions of Pretrial Release. D.E. 28. That petition alleged that Williams had tested positive for cocaine. Id. Williams denied using cocaine when confronted by the pretrial services officer. Id. A hearing on the petition was conducted on March 13, 2013. Id. At that hearing Williams admitted to using cocaine. D.E. 28. After Williams' admission, the government moved for Williams' mandatory detention attendant to 18 U.S.C. Section 3143(a)(2). D.E. 28. The government's motion to detain was granted. Id.

9

Williams was sentenced on April 9, 2013, for distribution of cocaine base within one-thousand (1000) feet of a protected location.[5] D.E. 29, 46. Based upon the stipulation of relevant drug weight and the sale of drugs within 1,000 feet of a protected location, the Court determined that Williams' base offense level was 30.[6] D.E. 46. Despite Williams' drug use and associated revocation, the Court afforded him an acceptance of responsibility reduction pursuant to U.S.S.G. Section 3E1.1(a). D.E. 46. The government moved for a further reduction of one offense level pursuant U.S.S.G. Section 3E1.1(b), and the Court granted that motion. D.E. 46. After reduction for acceptance of responsibility [3E1.1(a)] and timely acceptance [3E1.1(b)], the Court determined Williams' adjusted offense level to be offense level 27. D.E. 46.

Williams had three (3) criminal history points, and was, therefore, not eligible for safety valve. D.E. 32. Three criminal history points equate to criminal history category II. D.E. 46. The advisory Guidelines range for offense level 27 and criminal history category II was 78 to 97 months.[7] Williams' counsel did not object to the Court's determination of the advisory Guidelines sentence. D.E. 46.

---

[5] Count One of the six-count Indictment.

[6] The base offense level of 30 was determined by the relevant conduct of at least 112 but less than 196 grams of crack cocaine [level 28], and then adding two levels because the drugs were distributed within 1,000 feet of a protected location.

[7] The 2012 version of the United States Sentencing Manual was used to determine the advisory Guidelines range. D.E. 32.

10

Williams was sentenced at the higher end of the Guidelines to ninety-seven (97) months of imprisonment.  D.E. 29, 30, 46.

Subsequent to Williams' initial sentencing, the United States Sentencing Commission amended the Guidelines.  Those amendments, which were made retroactive by the Sentencing Commission, were effective November 1, 2014.  On February 2, 2015, the Federal Public Defender moved the district court to reduce Williams' term of imprisonment by two (2) offense levels.  D.E. 51.  The Court granted the motion, and reduced Williams' sentence by two offense levels from ninety-seven (97) months to seventy-eight (78) months.  D.E. 52.  Williams timely appealed from the Amended Judgment, entered September 30, 2015.

## SUMMARY OF ARGUMENT

First, Williams would assert that trial counsel promised him that he would be safety valve eligible.  Additionally, Williams would assert that his trial counsel irresponsibly convinced him to stipulate to relevant conduct which was erroneous.  Williams would also assert that his trial counsel failed to file a notice of appeal, notwithstanding Williams directing counsel to do so.

Secondly, Williams would assert misconduct by the prosecutor, because there was no factual basis for the stipulated drug weight to which the prosecutor demanded that Williams stipulate.

# ARGUMENT

**ISSUE 1.** APPELLANT'S COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE.

## Standard of Review

Ineffective assistance claims may not be raised on direct appeal unless the record is conclusive. United States v. Baldovinos, 434 F.3d 233 (4th Cir. 2006). The benchmark for determining whether counsel has been constitutionally adequate is the two-prong test announced by the Supreme Court. United States v. Terry, 366 F.3d 312 (4th Cir. 2004); see Strickland v. Washington, 466 U.S. 668 (1984).

## Discussion of the Issue

Williams asserts that his trial counsel was constitutionally ineffective for three reasons: 1) Trial counsel erroneously informed Williams that he would be safety valve eligible; 2) trial counsel failed to file a notice of appeal, although Williams asked counsel to file an appeal; and 3) trial counsel pressured Williams into stipulating to relevant conduct which was erroneous.

Williams asserts that he signed the plea agreement only because he was told by his trial counsel that he would be safety valve eligible.[8] Specifically, Williams asserts that his trial counsel promised him that he would get a two level reduction

---

[8]  Conversely, Williams asserts that he would not have accepted the plea agreement, but for his counsel's promise that he was safety valve eligible.

because he was safety valve eligible.  If a defendant meets the criteria set forth in U.S.S.G. Section 5C1.2, then the offense level is decreased by two levels. U.S.S.G. § 2D1.1(b)(17).  Section 5C1.2(a) of the Guidelines sets forth five (5) factors which must be met to qualify for the two offense level reduction.  One factor requires that a defendant does not have more than one criminal history points.  § 5C1.2(a)(1).  At the time of sentencing, Williams had three (3) criminal history points.

At Williams' plea hearing, both his trial counsel and the government's attorney stated that they believed that Williams would be safety valve eligible, based on his criminal history points.  D.E. 45.  Mr. Williams asserts that his trial counsel promised him that he was safety valve eligible, as an incentive for Williams to sign the plea agreement.  As stated above, had Williams been safety valve eligible, he would have been sentenced at offense level 25.[9]  If Williams had been safety valve eligible, he would have had no more than one (1) criminal history point, which equates to a criminal history category I.[10]  The Guidelines sentence for a defendant with criminal history category I and offense level 25 would have been 57 to 71 months.[11]  Williams was sentenced to 97 months of incarceration.

---

[9]  Williams was actually sentenced at offense level 27.
[10]  U.S.S.G. Chapter 5, Part A – Sentencing Table.
[11]  U.S.S.G. (2012), Chapter 5, Part A – Sentencing Table.

Ineffective assistance claims may not be raised on direct appeal unless the record is conclusive. United States v. Baldovinos, 434 F.3d 233 (4th Cir. 2006). The benchmark for determining whether counsel has been constitutionally adequate is the two-prong test announced by the Supreme Court. United States v. Terry, 366 F.3d 312 (4th Cir. 2004); see Strickland v. Washington, 466 U.S. 668 (1984). The two-pronged test announced in Strickland is the benchmark in determining whether assistance of counsel has been constitutionally adequate, whether reached on direct appeal or in a post-conviction, 18 U.S.C. § 2255 proceeding. The two prongs of the Strickland test are the performance prong and the prejudice prong. Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). The first prong relates to professional competence. To satisfy the first prong, the defendant must show that counsel's representation fell below "an objective standard of reasonableness." Strickland, 466 U.S. 687-91. In making that determination, there is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689; Terry, 366 F.3d at 316-18.

To satisfy the second prong of the Strickland test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the

outcome. Id. A defendant who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); Fields, 956 F.2d 1290, 1294-99; Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). When a defendant challenges a conviction entered after a guilty plea, the prejudice prong is slightly modified. Id. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id.

Obviously, the confidential conversations between Williams and his trial counsel are not part of the record. Therefore, Williams' allegation that he was promised that he would be safety valve eligible cannot be verified by the record below. The plea hearing transcript does, however, clearly depict both Williams' counsel and the government's counsel stating on the record that they both thought that Williams would be safety valve eligible. D.E. 45, pg. 20. While the recorded statements by Williams' counsel lends credence to his claim that his counsel promised him that he would be safety valve eligible, those statements fall short of being conclusive as is required by United States v. Baldovinos, 434 F.3d 233. Because the conversations between trial counsel and Williams are not included in the record, the assertion that Williams' counsel failed to provide effective assistance does not conclusively appear from the record. Unfortunately, Williams' attempt to raise the ineffective assistance of counsel claim, with regard to the plea

15

agreement, on direct appeal must, therefore, fail. <u>United States v. Baldovinos</u>, 434 F.3d 233 (4th Cir. 2006); <u>United States v. Alerre</u>, 430 F.3d 681 (4th Cir. 2005); <u>United States v. Vinyard</u>, 266 F.3d 320 (4th Cir. 2001); <u>United States v. Martinez</u>, 136 F.3d 972 (4th Cir. 1998). A defendant cannot raise a claim on direct appeal relating to evidence not in the record below. <u>United States v. Russell</u>, 971 F.2d 1098 (4th Cir. 1992). Williams' assertion of ineffective assistance of counsel, with regard to the plea agreement, must be prosecuted in an 18 U.S.C. § 2255 collateral challenge, if at all. <u>See</u> <u>Martinez</u>, 136 F.3d 972, 979-80.

Williams next asserts that he asked his trial counsel to file an appeal.[12] The record clearly depicts that an appeal was never filed by trial counsel.[13] An attorney's failure to file an appeal, when requested by his client to do so, is *per se* ineffective assistance of counsel – irrespective of the merits of the appeal. <u>See</u> <u>Evitts v. Lucey</u>, 469 U.S. 387 (1995); <u>Jones v. Barnes</u>, 463 U.S. 745 (1983); <u>Anders v. California</u>, 386 U.S. 738 (1967). The fundamental decision of whether to appeal rests not with counsel, but with the defendant. <u>Barnes</u>, 463 U.S. 745,751. Therefore, if, as Williams asserts, he directed his counsel to file an appeal, the failure of counsel to perform that task constitutes *per se* ineffective assistance.

---

[12] One would reasonably expect that privileged attorney-client communications would not be included in the record.

[13] Williams wrote to the district court on September 23, 2013, wherein he inquired regarding the status of his appeal. At that time, no appeal had been filed. Further, in September of 2013, five months after judgment was entered, it was too late for Williams to file a timely appeal.

However, as in the issue discussed above, the district court record is devoid of Williams' request.[14]  Because the record is devoid of Williams' request, Williams' assertion of ineffective assistance of counsel, with regard to counsel's failure to file an appeal, must also fail.  That issue must be prosecuted in a 18 U.S.C. § 2255 collateral challenge, if at all.  See Martinez, 136 F.3d 972, 979-80.  Again, a defendant cannot raise a claim on direct appeal relating to evidence not in the record below.  United States v. Russell, 971 F.2d 1098 (4th Cir. 1992).

Where a defendant does not request an appeal, counsel still has a professional duty to consult with the client regarding whether to appeal.  Roe v. Flores-Ortega, 528 U.S. 470 (2000); Hudson v. Hunt, 235 F.3d 892 (4th Cir. 2000).  The record below also does not reflect whether, or not, Williams was consulted regarding appeal of his sentence.

Finally, Williams asserts that his counsel provided ineffective assistance by pressuring him to stipulate to relevant conduct [drug weight] which exceeded that for which there was a factual basis.  The total drug weight associated with the controlled buys for which Williams was indicted was 4.14 grams.  D.E. 32, 33.  Cooperating informants placed an additional 83.69 grams of cocaine base on Williams.  D.E. 32, 33.  In total, the drug relevant conduct attributed to Williams was 87.83 grams of cocaine base.  Id.  The documented 87.83 grams falls short of

---

[14]  Again, one would reasonably expect that attorney-client protected conversations would not be included as part of the record.

the 112 to 196 grams to which Williams was convinced by his counsel to stipulate. In 2012, 112 to 196 grams of cocaine base resulted in an offense level 28.[15] Id.

There was no factual basis upon which to include the 112 to 196 grams stipulation in the plea agreement. The probation officer who drafted the PSR acknowledged that "the total drug relevant conduct which can be attributed to the defendant is 87.83 grams of cocaine base." D.E. 32, 33, pg. 5, ¶ 28. The probation officer attempted to justify the stipulated amount being much larger than the actual historical drug weight by stating "based upon the **inherent inaccuracies** associated with historical information, the Probation Officer is **compelled** to conclude the stipulated range of 112 grams to 196 grams of cocaine base is a fair representation of the drug trafficking activity of Mr. Williams." Id. (emphasis added). The probation office and its officers are supposed to be impartial servants of the Court. To the extent possible, probation officers are to provide the Court with accurate information. Accurate drug weight information, in this case, is that Williams should be held responsible for 87.73 grams of cocaine base relevant conduct. There was no rational reason for Williams' attorney to insist that he stipulate to drug weight that far exceeded the historical drug weight.

Drug weight was stipulated to in the plea agreement. D.E. 19. The drug weight issue was not raised by Williams at either his plea or sentencing hearing.

---

[15] The 2012 edition of the Guidelines Manual was utilized in Williams case.

<u>See</u> D.E. 45, 46.   Failure to object to sentencing errors in the district court constitutes waiver of the right to appeal those issues, in the absence of plain error. <u>United States v. Walker</u>, 112 F.3d 163 (4th Cir. 1997).   In a similar case, where drug weight was stipulated to, this Court held that the defendant waived his right to appeal on the drug weight issue, and that the defendant was estopped from reopening that issue on remand.   <u>United States v. Williams</u>, 29 F.3d 172 (4th Cir. 1994).

Because Williams waived his right to raise the drug weight issue by stipulating to the relevant drug weight, he is left to argue that his counsel was ineffective in demanding that he enter into a stipulation.  However, there is nothing in the record which indicates that Williams' counsel demanded that he enter into the drug weight stipulation.[16]  Therefore, there is nothing in the record to indicate that Williams' counsel was ineffective with regard to the drug weight issue.  Thus, specific argument regarding Williams' claims cannot be made here, on direct appeal.  <u>United States v. Russell</u>, 971 F.2d 1098 (4th Cir. 1992) (defendant cannot raise a claim on direct appeal relating to evidence not in the record below). Because the record is devoid of documentation that his counsel was ineffective,

---

[16]   The colloquy at the plea hearing indicates that Williams did not feel pressured or forced into signing the plea agreement [D.E. 46, pg. 11], and that he understood the impact of the drug weight [D.E. 46, pg. 25].

Williams' claim must fail.  That claim must be prosecuted in a 18 U.S.C. § 2255 collateral challenge, if at all.  See Martinez, 136 F.3d 972, 979-80.

**ISSUE 2.**     APPELLANT ASSERTS MISCONDUCT BY THE PROSECUTOR.

### Standard of Review

The undersigned has been unable to locate a case which clearly states the standard of review for a prosecutorial misconduct claim.  However, United States v. Derrick, 163 F.3d 799 (4th Cir. 1998) (citing United States v. Hasting, 461 U.S. 499 (1983)) is instructive.  In Hasting, the Supreme Court held that a court's supervisory powers may not be evoked to evade the harmless error rule for constitutional violations, because the interests preserved by the doctrine of harmless error cannot be lightly or casually ignored in order to chastise what the court viewed as prosecutorial overreaching.  Hastings, 461 U.S. at 507.  Further, the Supreme Court in Bank of Nova Scotia v. United States, 487 U.S. 250 (1988) held that a district court exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant.  Nova Scotia, 487 U.S. at 255.  From those cases, and others, it appears that the standard of review is for the Court to: 1) determine whether there was, in fact, prosecutorial misconduct, and 2) if there was prosecutorial misconduct, did that misconduct actually prejudice the defendant.

Williams failed to object to the relevant conduct/drug weight attributed to him at the trial level. Therefore, this Court could also apply the plain error rule. To reverse for plain error the reviewing court must (1) identify an error, (2) which is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of the judicial proceedings. <u>United States v. Brewer</u>, 1 F.3d 1430, 1434-35 (4th Cir. 1993). Even when plain error is clearly established, the reviewing court must decide whether to notice the error. <u>United States v. Cedelle</u>, 89 F.3d 181, 184-85 (4th Cir. 1996). When an error seriously affects the fairness, integrity or public reputation of judicial proceedings, discretion should be exercised by the appellate court. <u>Id</u>.

**<u>Discussion of the Issue</u>**

Williams would assert misconduct by the prosecutor, because the prosecutor insisted on a plea agreement which contained an erroneous drug weight stipulation. Williams was charged with distribution of cocaine base within one-thousand (1,000) feet of a protected location. D.E. 1. Drug weight was an important factor in determining the applicable advisory Guidelines sentence. <u>See</u> U.S.S.G. § 2D1.1; Chapter 5, Part A. The government offered Williams a plea agreement which included a stipulation regarding relevant drug weight. D.E. 19. That stipulation was for at least 112 grams but less than 196 grams of cocaine base. D.E. 19, ¶ 9.

21

The 2012 edition of the Sentencing Guidelines equated at least 112 grams of cocaine base to offense level 28. D.E. 32, 33, 46.

The government determines who it debriefs/interviews to determine historical drug weight. In this case, the government interviewed several cooperating sources. D.E. 32, 33, ¶ 28. The historical relevant drug relevant conduct elicited from those sources was 83.69 grams of cocaine base. Id. Total drug relevant conduct was determined to be 87.83 grams of cocaine base. Id. Notwithstanding those investigatory results, the government insisted that the defendant stipulate to at least 112 grams of cocaine base as his drug relevant conduct. See D.E. 19.

At sentencing, the government conceded that the amount of cocaine base distributed by Williams was 62.85 grams. D.E. 46, pg. 14. That drug quantity does not coincide with that listed in the PSR, and it certainly does not coincide with the stipulation contained in the plea agreement. Arguably, if the government insisted on a stipulation of at least 112 grams of cocaine base, when it knew that the drug relevant conduct was either 87.83 or 62.85 grams of cocaine base, then misconduct by the prosecutor may reasonably be assumed. However, the record is devoid of documentation regarding what the prosecutor actually knew regarding Williams drug relevant conduct at the time the plea agreement was negotiated.

The district court found that the stipulation resulted from a lot of negotiation. D.E. 46, pg. 15. The negotiations which the district court assumed to have occurred were neither recorded nor otherwise spread upon the record. There is, therefore, no evidence of the content of those negotiations in the court record. There is nothing in the record that clearly depicts prosecutorial misconduct. Therefore, specific argument regarding Williams' claim of prosecutor misconduct cannot be made here, on direct appeal. United States v. Russell, 971 F.2d 1098 (4th Cir. 1992) (defendant cannot raise a claim on direct appeal relating to evidence not in the record below). Because the record is devoid of documentation that prosecutorial misconduct prejudiced Williams, his claim of prosecutorial misconduct must be prosecuted in a 18 U.S.C. § 2255 collateral challenge, if at all. See Martinez, 136 F.3d 972, 979-80. Moreover, where drug weight is stipulated to, the defendant waives his right to appeal on the drug weight issue, and the defendant is estopped from reopening that issue on remand. United States v. Williams, 29 F.3d 172 (4th Cir. 1994).

## CONCLUSION

After careful review of the record, and pursuant to Anders v. California, 386 U.S. 738 (1967), counsel is of the opinion that he has briefed all arguable issues, and that there is no legally non-frivolous issue to raise in this appeal. Counsel respectfully requests that the Court conduct an independent review of the record to

determine whether any justifiable issues or prejudicial errors have been overlooked.

A copy of this brief is being served upon the defendant.

RESPECTFULLY SUBMITTED,
TYQUAY WILLIAMS,
By counsel,

/s/ Charles T. Berry
ATTORNEY AT LAW
Post Office Box 5023
Fairmont, West Virginia  26554
(304) 363-3564
(304) 816-3117 FAX
cberrylaw@hotmail.com

## CERTIFICATE OF COMPLIANCE

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*5,407*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: January 6, 2016                    /s/ Charles T. Berry
                                          *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 6th day of January, 2016, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Randolph J. Bernard
OFFICE OF THE U.S. ATTORNEY
1125 Chapline Street, Suite 3000
Post Office Box 591
Wheeling, West Virginia  26003
(304) 234-7727

*Counsel for Appellee*

Andrew R. Cogar
OFFICE OF THE U.S. ATTORNEY
320 West Pike Street, Suite 300
Clarksburg, West Virginia  26301
(304) 623-7030

*Counsel for Appellee*

I further certify that on this 6th day of January, 2016, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon the Appellant, at the address below:

Tyquay Williams 08470-087
FCI FAIRTON
Federal Correctional Institution
Post Office Box 420
Fairton, New Jersey  08320

*Appellant*

/s/ Charles T. Berry
*Counsel for Appellant*